UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| TODD HAMMOND, ) | |
| ) | |
| Plaintiff, ) | Civil No. 5: 22-014-HRW |
| ) | |
| V. ) | |
| ) | |
| WARDEN MR. PAUL, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Todd Hammond is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without an attorney, Hammond previously filed a civil complaint against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D.E. No. 1] However, Hammond did not pay the $350.00 filing fee and the $52.00 administrative fee, nor did he file a motion to pay the filing fee in installments under 28 U.S.C. § 1915. Accordingly, on January 28, 2022, the Court entered an Order directing Hammond to either pay the $402.00 filing and administrative fees or file a properly-supported motion using the Court-supplied forms within 30 days. [D.E. No. 7]

While that deadline has not yet expired, Hammond has since filed multiple letters and motions related to payment of the filing fee, none of which are a motion

-1-

to proceed *in forma pauperis*. On February 8, 2022, Hammond filed a letter with the Clerk of the Court submitting a copy of a BP-199 form requesting that $400.00 be withdrawn from his inmate account and paid to the Clerk of the Court for filing fees. [D.E. No. 11] However, the copy of the BP-199 form submitted by Hammond was not complete, as it was not signed by either the Approving Official or the Deposit Fund Tech, and no payment has been received by the Clerk of the Court.

On February 23, 2022, Hammond filed another letter with the Clerk of the Court, stating, "Enclosed is the filing fee of $402.00 for the above case." [D.E. No. 12] However, no payment was submitted with this letter.

That same day (February 23, 2022), Hammond filed a "motion to compel" [D.E. No. 13], requesting that the Court "compel" FMC-Lexington to process his BP-199 form request immediately. In his motion, he explained that he had been informed that his prior BP-199 form was sent back to the Unit and would need to voided, but that he completed a new BP-199 form requesting payment from his account in the amount of $402.00 that had not been processed as of February 14, 2022. However, the copy of the "new" BP-199 form submitted by Hammond with his motion is also not complete, as it is not signed by him, the Approving Official, or the Deposit Fund Tech. [D.E. No. 13-1]

Also on February 23, 2022, Hammond filed a "motion for extension to pay filing fee." [D.E. No. 14] In this motion, Hammond asks for an extension of time

to pay the filing and administrative fees "due to circumstances beyond my control." [*Id.*] However, the email correspondence submitted by Hammond in support of his motion shows that Hammond has repeatedly failed to follow directions from prison staff regarding how to properly complete a BP-199 form. [R. 14-1] [1]

Even though Hammond has neither submitted payment of the filing fee, nor filed a motion to proceed *in forma pauperis*, the Court will proceed with conducting a preliminary review of Hammond's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Hammond's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

[1] The Court notes that, in the hundreds of civil actions filed by federal inmates in this judicial district every year, prison officials routinely submit payment of filing fees to the Court from federal inmate accounts upon a proper request made by the inmate.

In his complaint, Hammond alleges that the Warden, Associate Warden, and various medical providers at FMC-Lexington have acted with deliberate indifference to Hammond's serious medical needs in violation of his Eighth Amendment rights. [D.E. No. 1 at p. 7] Hammond alleges that, after an ultrasound in March 2021, he was told in a tele-med appointment that he had significant scarring on his liver that would need to be closely monitored. [D.E. No. 1 at p. 4] However, he claims that, since that time, various medical staff have failed to explain the treatment that he would receive and have repeatedly delayed or denied his medical care.

However, the Court has reviewed Hammond's complaint and concludes that it must be dismissed without prejudice, as it is evident from the face of the complaint that he has not fully exhausted his administrative remedies with respect to his claims. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Further, mere attempts at exhaustion are not enough; instead, the PLRA requires "proper exhaustion of administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has

defined proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

Here, Hammond alleges that he filed a request or appeal to the Warden regarding his claims on December 23, 2021. [D.E. No. 1 at p. 7] However, the form that Hammond submits with his complaint shows that he filed a request for informal resolution (not an appeal to the Warden) on December 23, 2021. [D.E. No. 1 at p. 9] The copy of the form submitted by Hammond does not indicate his counselor's response, if any. [*Id.*] However, assuming Hammond's grievance was denied, he was required to then appeal the response to the Warden (who has 20 days to

respond), the Regional Director (who has 30 days to respond), and the General Counsel (who has 40 days to respond). His form complaint leaves the lines where he would indicate whether he filed these appeals blank, indicating that he failed to take any of these steps. [D.E. No. 1 at p. 7] Moreover, Hammond signed his complaint on January 18, 2022. [D.E. No. 1 at p. 12] Thus, in light of the response times allowed to respond to a grievance/appeal at each level of the BOP's administrative grievance process, Hammond could not possibly have completed all steps of the administrative grievance process before his complaint was signed on January 18, 2022.

The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). *See also Jones v. Bock*, 549 U.S. at 214-15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Where a plaintiff has filed a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the

jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011). Because Hammond has not fully exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint without prejudice appropriate.

    Hammond has also filed a motion for leave to file an amended complaint, seeking to change the name of Defendant "Mr. English" to "Ms. English"; add Federal Medical Center as a Defendant; and add Travis Mehaffey as a Plaintiff. [D.E. No. 8] However, Hammond's failure to tender a proposed amended complaint warrants denial of this motion. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014) (a party seeking an amendment must attach a copy of the proposed amended complaint to his motion). Moreover, motion for leave to amend a complaint may be denied where the proposed amended would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). Here, Hammond's proposed changes to the parties in this case do not cure his failure to exhaust his administrative remedies prior to filing his complaint. For both of these reasons, Hammond's motion for leave to file an amended complaint will be denied.[2]

---

[2] While this case will be dismissed without prejudice, for future reference, Hammond is advised that, as a *pro se* litigant, while Hammond may represent his *own* interests pursuant to 28 U.S.C. § 1654 (which permits parties to "plead and conduct their own cases personally or by counsel," *see* 28 U.S.C. § 1654), Section 1654 has consistently been interpreted "as prohibiting *pro se* litigants from trying to assert the

Hammond has also filed a motion to appoint counsel, claiming that appointment of counsel is warranted because of his limited legal knowledge; the issues raised in this lawsuit are complex, as he wishes to bring a class action; and he has attempted to obtain counsel on his own without success. [D.E. No. 10] However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).

The Court has considered the relevant factors and concluded that this case does not present the kind of extraordinary circumstances which would warrant the

---

rights of others." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (collecting cases). Nor may Hammond bring a class action *pro se*, as a plaintiff proceeding *pro se* cannot "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because a pro se party cannot represent the interests of others. Cf. *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009); *Garrison v. Mich. Dept. of Corr.*, 333 F. App'x 914, 916-18 (6th Cir. 2009) (affirming denial of class certification by *pro se* plaintiffs challenging prison rules prohibiting possession of certain religious items); *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1). *See also Howard v. Pollard*, 814 F. 3d 476, 477-79 (7th Cir. 2015) (holding that district court's refusal to certify proposed class because prisoner-plaintiffs were proceeding *pro se* was not undermined by court's prior denial of plaintiffs' request to appoint counsel).

appointment of counsel for Hammond. The claims asserted by Hammond are not unduly complex and Hammond has adequately presented them in his complaint. Thus, his motion to appoint counsel will be denied.

As this case will be dismissed, Hammond's motion to certify as a class action [D.E. No. 9], motion to compel [D.E. No. 13], and motion for extension of time [D.E. No. 14] will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1. Hammond's motion for leave to file an amended complaint [D.E. No. 8] is **DENIED**.

2. Hammond's motion to appoint counsel [D.E. No. 10] is **DENIED**.

3. Hammond's complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims in a new case after the administrative remedy process is complete.

4. All remaining requests for relief, including Hammond's motion to certify as a class action [D.E. No. 9], motion to compel [D.E. No. 13], and motion for extension of time [D.E. No. 14] are **DENIED AS MOOT**.

5. **JUDGMENT** shall be entered contemporaneously with this Order.

6. This matter is **STRICKEN** from the Court's docket.

This 1st day of March, 2022.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**